UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

WILLIAM ROE,                          §
                                      §
          Plaintiff,                  §
VS.                                   §        CIVIL ACTION NO. C-11-354
                                      §
GALA INDUSTRIES, INC., *et al*,       §
                                      §
          Defendants.                 §

ORDER

Thirteen Defendants have challenged this Court's jurisdiction to adjudicate the claims that Plaintiff has brought against them.  D.E. 34, 38.  The jurisdictional challenge is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART.

This action was originally filed against a single Defendant, Gala Industries, Inc. D.E. 1.  The Plaintiff alleged diversity jurisdiction and Gala admitted that allegation. D.E. 6.   In his Second Amended Complaint, Plaintiff added the thirteen objecting Defendants, with allegations that assert citizenship that is, on its face, non-diverse.  D.E. 22.

Plaintiff argues that he may join the non-diverse parties because jurisdiction is determined at the time the action is filed, citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991).  *Freeport-McMoRan*, however, addressed the change of a party's status under Fed. R. Civ. P. 25, in which there is a substitution of a party due to death, incompetency, or transfer of interest.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 581, 124 S.Ct. 1920, 1930 (U.S. 2004); *Cobb v. Delta Exports, Inc*., 186

F.3d 675, 681 (5th Cir. 1999).  It did not address joinder under Fed. R. Civ. P. 19 of new claims against new parties who are non-diverse.  Clearly, if a Plaintiff could simply wait to join non-diverse parties after the initial filing, there would be no limit to diversity jurisdiction so long as one defendant was diverse.

Instead, when new non-diverse parties are joined, they defeat diversity jurisdiction. *Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001).  In that event, they are subject to dismissal under Fed. R. Civ. P. 21, which dismissal cures the jurisdictional defect. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832, 838, 109 S.Ct. 2218 (1989).  Plaintiff has asked that, in the event this Court finds a jurisdictional defect, that the Court dismiss the non-diverse Defendants.  No objection to this relief has been voiced.

Having found a jurisdictional defect on the face of Plaintiff's pleading, the Court GRANTS IN PART the Plaintiff's request for dismissal of the non-diverse Defendants. Accordingly, the following Defendants are DISMISSED from this action:

> Mundy Maintenance and Services, LLC
> Mundy Service Corporation
> Mundy Industrial Maintenance, Inc.
> Clearwater Loaders, Inc.
> Burden Industries, LLC
> Industrial Turnaround and Constructions, LLC
> (a/k/a Industrial Turnaround and Construction, LLC)
> Mundy Support Services, Inc. (a/k/a Mundy Support Services, LLC)
> Mundy Operations Support, Inc.
> Mundy Industrial Contractors, Inc.
> Mundy Technical Services, Inc.
> Qualitech Maintenance, Inc.
> Mundy Pharmatech, LLC (a/k/a Mundy Pharatech)

The Plaintiff's Second Amended Complaint, which purported to join Mundy Caribe, LLC (a/k/a Mundy Caribe), does not contain a citizenship allegation as to this Defendant.  The Court TAKES UNDER ADVISEMENT the jurisdictional challenge as to this Defendant.  The Court ORDERS the parties to file evidence or allegations of the citizenship of Mundy Caribe, LLC on or before September 20, 2012 so that this question may be determined and adjudicated.

ORDERED this 14th day of September, 2012.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE